FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 29, 2025

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JASON FOSTER FRANK,<br><br>　　　　　　　　Defendant. | No. 2:24-CR-00051-MKD<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT 3<br><br>**ECF No. 41** |

On May 21, 2025, the Court held a hearing on Defendant's Motion to Dismiss Count 3, ECF No. 41. ECF No. 47. Defendant appeared in custody and was represented by Nick Vieth. AUSA Ann Wick represented the United States. The Court has considered the briefing and the record, has heard from counsel, and is fully informed. For the reasons explained below, the Court denies the Motion.

## BACKGROUND

**A. Procedural History**

On April 5, 2024, Defendant was indicted for attempted online enticement, in violation of 18 U.S.C. § 2422(b) (Count 1); possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count 2); and commission of a

ORDER - 1

felony sex offense by an individual required to register as a sex offender, in violation of 18 U.S.C. § 2260A (Count 3). ECF No. 1. Defendant entered a guilty plea, without a plea agreement, to Counts 1 and 2 on March 25, 2025. ECF Nos. 34, 36, 39.

Count 3 remains pending and is the subject of Defendant's instant Motion. Count 3 alleges that Defendant "committed the felony offense involving a minor charged in Count 1" at times when he was required to register as a sex offender. ECF No. 1 at 3.

**B. Undisputed Factual History**

The following facts are undisputed by the parties.[1] ECF No. 41 at 2-3; ECF No. 42 at 3-4.

In June 2023, undercover law enforcement officers posted an online advertisement purporting to be a mother who was offering her two minor daughters to be sexually abused. Defendant responded to the advertisement and expressed sexual interest in the minors during various communications with undercover

---

[1] Indeed, the statement of facts in Defendant's Motion is almost identical to the factual admissions Defendant made in support of his guilty pleas to Count 1 and 2. *Compare* ECF No. 41 at 2-3, *with* ECF No. 34 at 4-5.

ORDER - 2

officers posing as the mother and one of the minors.  Defendant and the undercover officers arranged for Defendant to meet the fictitious mother and minors.  Defendant was arrested upon his arrival at the agreed-upon meeting place.

## LEGAL STANDARD

Under Fed. R. Crim. P. 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." "The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling." Fed. R. Crim. P. 12(d).  "A pretrial motion is generally 'capable of determination' before trial if it involves questions of law rather than fact." *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (citations omitted).  The Court "may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *Id.* (citation, quotation marks, and footnote omitted).

In the Ninth Circuit, a district court must decide a pretrial motion to dismiss the indictment where the key facts are undisputed and the defendant claims that these facts are insufficient as a matter of law to prove an essential element of the offense. *See United States v. Phillips*, 367 F.3d 846, 855 & n.25 (9th Cir. 2004); *see also United States v. Gonzalez-Brizuela*, No. 08-29, 2008 WL 4104167, at *1 (D. Or. Aug. 27, 2008); *United States v. Carter*, 04-CR-5306, No. 2006 WL

ORDER - 3

997867, at *2 (E.D. Cal. Apr. 17, 2006); *cf. United States v. Martin*, No. CR 07-1205, 2009 WL 667299, at *2 (C.D. Cal. Mar. 10, 2009) ("Dismissal under Rule 12(b)(3) is inappropriate where the motion involves disputed facts.") (citations omitted); *United States v. Guitard*, No. CR06-69, 2006 WL 1982777, at *2 (W.D. Wash. June 15, 2006) ("Where the Court's subject matter jurisdiction involves a mixed question of law and fact, 'the issue should be determined at trial. . . . This is clearly the case when the jurisdictional requirement is also a substantive element of the offense charged.'") (citation omitted). A majority of other Circuits share this view. *See, e.g.*, *United States v. Weaver*, 659 F.3d 353, 355 n.* (4th Cir. 2011) (collecting cases); *United States v. Yakou*, 428 F.3d 241, 247 (D.C. Cir. 2005).

## DISCUSSION

Defendant argues that he cannot be convicted of Count 3 because it is undisputed that his predicate offense, the attempted online enticement offense, did not involve an actual minor. ECF No. 41 at 1-2. Defendant urges the Court to adopt the reasoning set forth in *United States v. Dahl*, 81 F. Supp. 3d 405, 407 (E.D. Pa. 2015). *Id.* at 3, 7. The United States opposes the motion and urges the Court to adopt the reasoning of the courts in *United States v. Slaughter*, 708 F.3d 1208 (11th Cir. 2023) and *United States v. Fortner*, 943 F.3d 1007 (6th Cir. 2020). ECF No. 42 at 2.

ORDER - 4

"[S]tatutory interpretation requires courts to presume that the legislature says in a statute what it means," and therefore the "inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *Mi Familia Vota v. Fontes*, 129 F.4th 691, 712 (9th Cir. 2025) (quoting *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004)) (quotation marks omitted). "Also, 'when interpreting the language of a statute, [courts] do not look at individual subsections in isolation' but 'read the words in their context and with a view toward their place in the overall statutory scheme.'" *Id.* at 713-14 (quoting *Tovar v. Sessions*, 882 F.3d 895, 901 (9th Cir. 2018)) (alteration omitted).

18 U.S.C. § 2260A provides as follows:

> Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

Defendant notes that the term "minor" is defined by 18 U.S.C. § 2256(1) to mean "any person under the age of eighteen years." ECF No. 41 at 3.

ORDER - 5

As charged, Count 3 is based on a predicate "felony offense . . . under section . . . 2422"—specifically subsection (b) of 18 U.S.C. § 2422. *See* ECF No. 1. Subsection (b) provides as follows:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

The key question raised by Defendant's Motion is whether an attempt offense under Section 2422(b), involving a minor victim that was actually an undercover officer, can constitute the predicate "felony offense involving a minor" for a Section 2660A conviction. The Ninth Circuit has not yet answered this question. *See United States v. Walizer*, 600 F. App'x 546 (9th Cir. 2015) ("Assuming without deciding that § 2260A requires the literal involvement of a minor. . . .").

The Circuits who have addressed this question so far have held that the statutory text is unambiguous and permits a Section 2260A conviction predicated on an attempt offense under Section 2422(b). *See Slaughter*, 708 F.3d at 1216; *Fortner*, 943 F.3d at 1011. Both cases involved facts very similar to those presented here: the defendants responded to online advertisements purportedly

ORDER - 6

offering sexual access to minors, which were actually posted by undercover officers. *See Slaughter*, 708 F.3d at 1211; *Fortner*, 943 F.3d at 1008-09. The defendants had ongoing communications with individuals whom they believed were minors or the parents of the minors, in which the defendants expressed interest in sexually abusing the minors and eventually arranged to meet with the minors/parents for that purpose. *See Slaughter*, 708 F.3d at 1211; *Fortner*, 943 F.3d at 1009. Both defendants were subsequently convicted of an attempt offense under Section 2422(b) and an offense under Section 2260A that was predicated on the Section 2422(b) offense, and both challenged their Section 2260A convictions on the same grounds Defendant raises here. *See Slaughter*, 708 F.3d at 1214; *Fortner*, 943 F.3d at 1009.

In *Slaughter*, the Eleventh Circuit reviewed the statutory text and reasoned that: (1) Section 2422(b)'s attempt clause expressly authorized criminal liability where "the defendant's offense conduct did not involve an actual minor," so long as the defendant believed there was an actual minor; and (2) nothing in the text of Section 2260A imposed an "actual minor" requirement on a predicate Section 2422(b) offense. 708 F.3d at 1215. The court observed that Congress could have specified that Section 2260A required an "actual" minor, as it had done in 18 U.S.C. § 2252A, but did not, and the court was obligated to presume that this was

ORDER - 7

intentional under principles of statutory interpretation. *Id.* at 1215-16 (citing *Russello v. United States*, 464 U.S. 16, 23 (1983)).

      Six years later, the Sixth Circuit performed its own analysis of the statutory text and similarly concluded that Section 2260A did not require the involvement of an actual minor. *Fortner*, 943 F.3d at 1009-11. The court read Section 2260A to have "two threshold requirements," which the defendant met by "committ[ing] one of the enumerated offenses, here attempted solicitation of a minor" in violation of Section 2422(b), and by doing so "while required to register as a sex offender." *Id.* at 1009. The court interpreted Section 2260A's "limiting qualification—that the underlying crime must 'involv[e] a minor[,]'" as a rule for "sifting convictions [for offenses enumerated in Section 2260A] that always involve minors, *see, e.g.*, 18 U.S.C. § 2551 (sexual exploitation of children), from [enumerated] convictions that may or may not involve minors, *see, e.g.*, 18 U.S.C. § 2421 (sex trafficking); 18 U.S.C. § 1201 (kidnapping)." *Id.* Put differently, the court construed the "involving a minor" phrase to "limit[] § 2260A's ten-year sentencing increase to those registered sex offenders who target minors," but not those "who target adults, like some kidnappers and like some sex traffickers." *Id.* at 1011. In contrast, the court reasoned that "[a] conviction arising from an attempt to have sex with a minor 'involves' a minor no matter whether it arose from a sting operation (as here) or it related to a real child." *Id.* at 1009. Moreover, as in *Slaughter*, the court

ORDER - 8

found it notable that Congress "had the option to, but chose not to, distinguish offenses that involved 'actual minors,'" as it had previously done in 18 U.S.C. § 2252A. *Id.* at 1010.

Between the *Slaughter* and *Fortner* decisions, a district court in the Eastern District of Pennsylvania reached the opposite conclusion, holding that "the phrase 'involving a minor' found in § 2260A clearly means a real person under eighteen years old," not an undercover officer posing as a minor. *See Dahl*, 81 F. Supp. 3d at 411. The court interpreted Section 2256(1)'s definition of "minor" to exclude "persons whom the offender believes to be under the age of eighteen years but who are adults." *Id.* at 407. Accordingly, the court interpreted the "involving a minor" clause of Section 2260A to exclude attempt offenses under Section 2422(b) where the purported minors were actually adults. *Id.*

The Court is most persuaded by the analysis in *Fortner*. When read in context with Section 2260A's list of predicate offenses, the "involving a minor" phrase clearly serves as a qualifier for the enumerated predicate offenses that may or may not involve persons of any particular age. The *Fortner* court noted the examples of kidnapping or sex trafficking. Similarly, 18 U.S.C. § 2422(a) makes no mention of age in defining the offense conduct. Conversely, Section 2422(b) expressly imposes criminal penalties on a person who "knowingly persuades, induces, entices, or coerces"—or attempts to knowingly persuade, induce, entice,

ORDER - 9

or coerce—"*any individual who has not attained the age of 18 years*, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense," while "using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States." (emphasis added). The definition of "minor" provided in Section 2256(1) is effectively built into the offense conduct described by Section 2422(b), indicating that Section 2422(b) is, categorically, an offense "involving a minor." As the court in *Fortner* put it, "there is nothing linguistically unusual about calling an unsuccessful attempt to abuse a minor a crime that involves a minor." 943 F.3d at at 1011.

Reading the statutory text in context, and with a view toward Section 2260A's place in the overall statutory scheme, *see Mi Familia Vota*, 129 F.4th at 713-14, the Court concludes that Defendant's Section 2422(b) offense, as charged in Count 1 and to which he has pleaded guilty, suffices as a felony offense "involving a minor" under Section 2260A, based on the unambiguous statutory text. As the statutory text is unambiguous, the analysis ends here; therefore, the Court does not address Defendant's arguments regarding the rule of lenity. *See Mi Familia Vota*, 129 F.4th at 712.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Count 3, **ECF No. 41**, is **DENIED**.

ORDER - 10

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Probation Office, and the United States Marshals Service.

DATED May 29, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 11